FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2015 DEC 10  PH 12: 30

CLERK'S OFFICE
AT BALTIMORE

ANTONIO ABRAHAM CRUZ CRUZ,          *

Petitioner                          *

BY_____ _____ __DEPUTY

v                                   *          Civil Action No. RDB-15-2223
                                               (Related Crim. Case:RDB-12-563)

UNITED STATES OF AMERICA            *

Respondent                          *
                                  ***

## MEMORANDUM OPINION

Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 on July 29, 2015.  ECF 68. He challenges his conviction, pursuant to a plea of guilty, entered against him by this Court on June 21, 2013.  On September 5, 2013, he was sentenced to 48 months imprisonment with one year supervised release. Respondent has moved to dismiss the motion, arguing that it is untimely filed. ECF 70. Petitioner was advised of his opportunity to reply (ECF 71) but has filed nothing further with the Court.   The Motion is untimely and shall be dismissed.

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the limitations period for filing a Motion to Vacate expired on September 6, 2014; one year after Petitioner's conviction became final.[1]  To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000).  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  Petitioner has failed to offer or establish any factors warranting equitable tolling of the statute of limitations.

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely in a separate Order which follows.  When dismissal of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).


_DECEMBER 9, 2015_
Date

_RUD Bentt_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE


[1] Petitioner's judgment and commitment order was entered on September 6, 2013.  ECF 61. Petitioner did not file a direct appeal.